UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

JORGE E. RODRIGUEZ,

        Petitioner,

vs.

RANDY VALLEY,

        Respondent.

Case No. 1:23-cv-00237-DKG

**INITIAL REVIEW ORDER**

Petitioner Jorge E. Rodriguez has filed a Petition for Writ of Habeas Corpus challenging his state court conviction. Dkt. 3. Federal habeas corpus relief is available to petitioners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a).

The Court is required to review each newly-filed habeas corpus petition to determine whether it should be served upon the respondent, amended by the petitioner, or summarily dismissed by the Court. *See* 28 U.S.C. § 2243. If "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the petition will be summarily dismissed. Rule 4 of the Rules Governing Section 2254 Cases.

Habeas corpus law requires that a petitioner "exhaust" his state court remedies

**INITIAL REVIEW ORDER - 1**

before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Unless a petitioner has exhausted state court remedies, a federal district court generally is prohibited from hearing the merits of or granting relief on such a claim. If, in this case, Respondent seeks dismissal of the habeas corpus petition on the ground that Petitioner did not properly exhaust federal claims in state court, which is called "procedural default," Petitioner will have an opportunity to show that the claims are properly exhausted or that the claims meet one of several exceptions to the rule of exhaustion.

Having reviewed the Petition, the Court concludes that Petitioner may proceed to the next stage of litigation.

## REVIEW OF PETITION

1. **Background**

In a criminal case in the Fourth Judicial District Court in Boise County, Idaho, Petitioner was convicted by jury of the crime of domestic battery in the presence of a child. He was sentenced to unified prison term of eight years fixed, with ten years indeterminate, on October 3, 2017. Plaintiff filed a direct appeal and a post-conviction relief petition, followed by an appeal, but received no relief in state court.

## 2. Discussion

In his federal habeas petition, Petitioner brings nine ineffective assistance of trial counsel claims, asserting that his Sixth Amendment rights were violated. He asserts that he raised each claim in his post-conviction action in the district court. It is unclear whether he raised these specific claims on appeal of the post-conviction matter, or whether he raised only state court post-conviction procedural errors. If he did not properly challenge the subject matter of his federal claims in the Idaho Court of Appeals and the Idaho Supreme Court, he may not have properly exhausted his claims.

If the claims were not properly exhausted, Plaintiff may face procedural challenges from Respondent. The Court does not have the full record before it to make a determination on proper exhaustion. The Court will order the Clerk of Court to serve the Petition upon Respondent, who will be permitted to file an answer or a pre-answer motion for summary dismissal and will be ordered to provide a copy of relevant portions of the state court record to the Court.

## REQUEST FOR APPOINTMENT OF COUNSEL

Petitioner requests appointment of counsel. He asserts that the issues presented in this case are too complex for him to properly pursue because he lacks the knowledge and resources to represent himself.

A habeas petitioner has a right to counsel, as provided by rule, if counsel is necessary for effective discovery or if an evidentiary hearing is required in his case. *See*

Rules 6(a) & 8(c) of the Rules Governing Section 2254 Cases. In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on a petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Presently, neither discovery nor an evidentiary hearing is needed, and Petitioner has been able to adequately assert his claims in his pro se filings. The Court will have access to the arguments Petitioner's state court counsel made in the district court and on appeal. Because the claims Petitioner asserts here must be the same federal claims asserted in the state post-conviction matter, state counsel's arguments will be considered by the Court without the need for Petitioner to make additional arguments, unless he desires.

If Respondent files a motion based on procedural grounds, Respondent must provide the standard of law in briefing. Because the Court is aware that few habeas corpus petitioners qualify for appointment of counsel, the Court conducts its own independent research and does not rely solely on the arguments contained in the state court record or Respondent's citations and arguments here.

For these reasons, the motion for appointment of counsel will be denied at this time, but the Court will reconsider Petitioner's request for appointment of counsel at each

**INITIAL REVIEW ORDER - 4**

phase of litigation, including procedural challenges, without the need for him to file another motion. In addition, if Petitioner finds that he needs additional time to submit responses to any orders or motions, the Court ordinarily will grant reasonable motions for extensions of time based on a litigant's pro se status.

## ORDER

**IT IS ORDERED:**

1. The Clerk of Court shall serve (via ECF) a copy of the Petition (Dkt. 3), together with a copy of this Order, on L. LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.

2. Petitioner's request for appointment of counsel (contained in the Petition) is DENIED without prejudice.

3. Petitioner's Motion to Proceed in Forma Pauperis (Dkt. 1) is GRANTED.

4. Within **120 days** after entry of this Order, Respondent shall have the option of filing either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer if the motion is unsuccessful); or (2) an answer and brief on the claims that were adjudicated on the merits by the Idaho Supreme Court, that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative). If Respondent files an answer and brief, the Court will determine the merits of the claims that were

adjudicated on the merits by the Idaho Supreme Court; for any claims that appear to warrant relief or for any claims not disposed of on the merits that appear subject to procedural defenses, the Court will determine whether those claims are barred by any procedural defenses and will call for additional briefing, evidence, or a hearing, where permitted, if necessary.

5. Respondent shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations shall be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

6. If the response to the habeas petition is an answer, Petitioner shall prepare a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served **within 30 days** after service of the answer. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

7. If the response to the habeas petition is a motion, Petitioner's response to the motion shall be filed and served **within 30 days** after service of the motion, and Respondent's reply, if any, shall be filed and served **within 14 days** thereafter.

**INITIAL REVIEW ORDER - 6**

8. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

9. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

10. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. If additional briefing is required on any issue, the Court will order it.

11. Each party shall ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

**INITIAL REVIEW ORDER - 7**

12. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

13. Petitioner shall at all times keep the Court and Respondent advised of any changes in address.

14. If Petitioner's custodian changes at any point during this litigation, counsel for Respondent shall file a Notice of Substitution of Respondent within 30 days of such change, identifying the person who is substituted as Respondent. *See* Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases.

DATED: October 2, 2023

_____
Honorable Debora K. Grasham
United States Magistrate Judge

**INITIAL REVIEW ORDER - 8**