UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JORGE E. RODRIGUEZ,<br><br>                    Petitioner,<br><br>vs.<br><br>RANDY VALLEY,<br><br>                    Respondent. | Case No. 1:23-cv-00237-DKG<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

Pending before the Court is Respondent Randy Valley's Motion for Partial Summary Dismissal as to Claims 4, 6, 7, and 9 in Jorge E. Rodriguez's Petition for Writ of Habeas Corpus that challenges his state court conviction. (Dkts. 12, 3.) All named parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. (Dkt. 7.) *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by the parties. *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006). Having reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order.

**MEMORANDUM DECISION AND ORDER - 1**

## REVIEW OF PETITION

### 1. Background

In a criminal case in the Fourth Judicial District Court in Boise County, Idaho, Petitioner was convicted by jury of the crime of domestic battery in the presence of a child. On October 3, 2017, he was sentenced to a unified prison term of eight years fixed, with ten years indeterminate.

Petitioner's case is somewhat unusual, because the victim, his wife, A.R, recanted her story, but the prosecution refused to dismiss the case. Several versions of the story exist. A.R. initially said that, on April 17, 2016, she was breastfeeding their infant daughter when she and Rodriquez argued. Rodriquez struck her legs while she was feeding the child and later punched her in the face while the child was in another room. (State's Lodging D-15 at 2.) A.R. suffered a bruise like a boot mark, two black eyes, and a broken nose.

A.R. left her husband, but later returned to him and changed her story. A.R. said she was not punched or kicked, but that, when she and Petitioner were arguing over whether he was having an affair with his ex-girlfriend, A.R. snatched his cellular telephone to check it, Petitioner grabbed it, A.R. pulled vigorously on it, and it fell out of her hands and hit her hard on the nose. (State's Lodgings D-5 at 2, A-4 at 114-115.) A.R. said the leg bruising was from her job as a cashier at Costco, where she was always

bumping into flatbed shopping carts. (State's Lodging A-4 at 135.) This new version of the story did not account for the two black eyes.

Despite A.R.'s retraction of her initial claims, just before the preliminary hearing, she returned to the first version of events. (*See* State's Lodging C-2 at 42.) She testified about both versions at the preliminary hearing. There was enough evidence to continue the criminal case against Petitioner, including the following. Shortly after the incident, A.R. went to work at Costco, where her boss, Rich Graber, was so stunned by the way she looked, with make-up trying to cover up the bruises under her eyes, he did a wellness check on her. (State's Lodging C-2 at 53-54.) During that interview, they called the Costco employee domestic violence hotline. A.R. decided to go stay with her parents. (State's Lodging A-4 at 102.) A.R. asked a female supervisor, Joey Flowers, to follow her to the daycare to pick up her daughter because she was so unnerved by the circumstances. (*Id*. at 103.) A.R. called her father on the way to her parents' house to tell him what happened. (*Id*. at 103-04.) A.R. called her mother several times during that same time period. At her parents' home, A.R.'s mother, a nurse, took pictures of A.R.'s broken nose and boot mark on her skin. (*Id*. at 104.) A.R. also obtained a restraining order against Petitioner. (*Id*.)

Prosecutors decided A.R. had been telling the truth the first time, and the state district court refused A.R.'s repeated requests to dismiss the restraining order. (*Id*. at 43.)

**MEMORANDUM DECISION AND ORDER - 3**

Because a criminal offense is not solely an offense against a person, but an offense against all of the State's citizens, prosecutors continued the prosecution.

Petitioner defended against the charge by asserting that the second version of events was true. Petitioner's defense attorney elicited testimony from A.R. that, after she changed her story, the prosecutor threatened her with perjury. (State's Lodging A-4 at 136-38.) She testified that she understood she could be prosecuted for perjury for her trial testimony, and, yet, testified that being accidentally hit in the nose by the cellphone during the scuffle and being injured by carts at work was the true story. (*Id*. at 138.) Petitioner did not testify (he asserted on post-conviction review that his trial counsel unlawfully prevented him from testifying).

Petitioner's first trial ended in a hung jury. The second trial, which is the subject of this habeas corpus petition, resulted in a guilty verdict. Plaintiff filed a Rule 35 motion to reduce his sentence, a direct appeal, and an 82-page pro se post-conviction relief petition, followed by another appeal in which he elected to proceed pro se. (Dkt. 3 at 1-3; State's Lodging C-2 at 31-32.)

The state district court judge issued a 75-page notice of intent to summarily dismiss the post-conviction petition. (State's Lodging C-2 at 41-115.) The Idaho Court of Appeals affirmed dismissal. (State's Lodging D-6.) On post-conviction review, the Idaho Supreme Court reviewed the decision of the Idaho Court of Appeals and issued a written opinion affirming dismissal. (State's Lodging D-15.)

**MEMORANDUM DECISION AND ORDER - 4**

### 2.  Standards of Law

When a petitioner's compliance with threshold procedural requirements is at issue, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989). Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a *federal* claim to the *highest* state court for review *in the manner prescribed* by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

State court remedies are considered technically exhausted, but not properly exhausted, if a petitioner failed to pursue a federal claim in state court and no remedies remain available. *Id*. at 848. Or, improper exhaustion can occur when a petitioner tried to pursue a federal claim in state court, but the state court rejected it on an adequate and independent state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991).

"To qualify as an adequate procedural ground" that prevents a federal court from hearing a federal claim arising from a state court criminal case, "a state rule must be

**MEMORANDUM DECISION AND ORDER - 5**

firmly established and regularly followed." *Walker v. Martin*, 562 U.S. 307, 316 (2011) (internal citation and punctuation omitted). The state procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default.'" *Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar can be considered adequate if it is a discretionary rule, even though "the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Beard v. Kindler*, 558 U.S. 53, 61 (2009).

A state procedural bar is "independent" of federal law if it is not interwoven with or does not rest on federal grounds. *See Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003). A rule will not be deemed independent of federal law "if the state has made application of the procedural bar depend on an antecedent ruling on federal law such as the determination of whether federal constitutional error has been committed." *Id.* (internal quotation marks and alteration omitted); *see also Ake v. Oklahoma*, 470 U.S. 68, 75 (1985) (holding that a state waiver rule is not independent where, "[b]efore applying the waiver doctrine to a constitutional question, the state court must rule, either explicitly or implicitly, on the merits of the constitutional question").

Improper exhaustion, including application of an adequate and independent state procedural bar, renders a claim "procedurally defaulted" for federal habeas corpus purposes. *Coleman*, 501 U.S. at 731. Habeas corpus relief cannot be granted on a

procedurally defaulted claim unless the petitioner shows either (1) legitimate cause for the default and prejudice resulting from the default, or, alternatively, (2) the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.* If the petitioner cannot meet one of these exceptions, the federal district court's only options are to dismiss the claim on procedural grounds or deny the claim on the merits. *See* 28 U.S.C. § 2254(b)(2).

### 3. Discussion of Claim 4

Claim 4 is "an actual constructive [sic] denial of counsel." (Dkt. 3 at 14.) Petitioner raised the equivalent claim in his state district court post-conviction pleadings (State's Lodging C-1 at 71), but made only cursory references to it in his opening appellate brief. (State's Lodging D-3 at 10-11). In particular, in briefing to the Idaho Court of Appeals, instead of challenging the state district court's decision on the merits of each claim, Petitioner brought claims focused on *state law errors in the procedural decisions* of the state district court—summarily dismissing the action without an evidentiary hearing, without an answer from the State, without considering all of the supplemental materials Petitioner filed, without providing 20 days' notice of Petitioner's right to respond to the notice of intent to summarily dismiss the post-conviction petition, and without properly addressing the merits of the claims. (State's Lodging D-3 at 9.) Nevertheless, the Idaho Court of Appeals addressed the merits of five of Petitioner's ineffective assistance claims in detail in its discussion of the general claim that the district

MEMORANDUM DECISION AND ORDER - 7

court erred by summarily dismissing some of the ineffective assistance claims. (State's Lodging D-6 at 4-9.)

After the Idaho Court of Appeals affirmed the state district court's summary dismissal of the post-conviction petition, Petitioner attempted to raise additional ineffective assistance claims in his petition for review to the Idaho Supreme Court. (State's Lodging D-12 at 13-17). The Idaho Supreme Court found that these claims constituted "a series of new arguments that were not part of his initial appeal of his post-conviction relief case as heard by the Court of Appeals, including juror bias and constructive denial of counsel," and concluded: "These issues are not properly before us and we do not consider them." (State's Lodging D-15 at 2 n.1.) The Idaho Supreme Court addressed the merits of the same ineffective assistance claims addressed by the Idaho Court of Appeals—failure to call Petitioner's father and sisters as trial witnesses, to present propensity evidence that the victim was the aggressor, to cross-exam the victim on her propensity for violence, to present evidence in support of self-defense, and to raise lack of a domestic violence evaluation before sentencing—but not "actual or constructive denial of counsel." (*See id.* at 12-24.)

A claim is not considered fairly presented to a state's highest court if it was presented in a procedurally defective manner. *Castille v. Peoples*, 489 U.S. 346, 351 (1989*); Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). It is well established that the Idaho Supreme Court will not address "issues that are different from those presented

**MEMORANDUM DECISION AND ORDER - 8**

to the intermediate court"—such as those raised for the first time in a petition for review. *State v. Sheahan*, 77 P.3d 956, 964 (2003); *State v. Harris*, 979 P.2d 1201, 1205 (1999); *see also* I.A.R. 118 (c)(2) ("If a petition for review is granted, the Supreme Court will rely on the original briefs filed by the parties and considered by the Court of Appeals).  In Idaho, a "reviewing court looks only to the initial brief on appeal for the issues presented because those are the arguments and authority to which the respondent has an opportunity to respond in the respondent's brief."  *Suitts v. Nix*, 117 P.3d 120, 122 (Idaho 2005). This procedural bar is adequate, because it is clear, longstanding, and often applied, giving petitioners notice that they must follow that rule. It is independent, because it is not intertwined with federal law. Therefore, Claim 4 is procedurally defaulted.

### 4.  Discussion of Claim 6

Claim 6 is trial counsel "failed to move to strike bias[ed] juror no. 25 for cause." (Dkt. 3 at 18.) Petitioner failed to raise this claim in his briefing on post-conviction appeal in the Idaho Court of Appeals. (*See* State's Lodging D-3 at 9, "Issues Presented on Appeal" and D-3, generally.) His attempt to raise this new claim in his petition for review before the Idaho Supreme Court was rejected for the same reason as Claim 4, as explained directly above. (State's Lodging D-15 at 12 n.1.) Therefore, Claim 6 is procedurally defaulted.

**5. Discussion of Claim 7**

Claim 7 is trial counsel "failed to ask the [trial] court to issue a cautionary instruction and[/or a] mistrial" after a witness for the state made a statement "that implied prior abuse." (Dkt. 3 at 20.) This claim was not among the five ineffective assistance claims raised and addressed on post-conviction appeal in the Idaho Court of Appeals. (*See* State's Lodging D-3 at 9.) Accordingly, this claim is procedurally defaulted.

**6. Discussion of Claim 9**

Claim 9 is trial counsel failed to advise Petitioner of the right to testify and did not allow him to testify in his own defense. (Dkt. 3 at 24.) Petitioner raised this claim in his state district court pleadings (State's Lodging C-2 at 123), but made only cursory references to it in a footnote in his opening appellate brief:

> Note: As the petitioner has claimed, counsel did not allow the defendant to testify in his own behalf to tell his side of the story and establish his self-defense claim. Thus, ineffective for violating the defendants constitutional right to testify in his own behalf. (see Supplemental Affidavit of Petitioner no.12 R. vol. 3 p. 56-57.) Note: Pursuant to I.C. 19-4906(a) the court is to consider substance rather than defects of form.

(State's Lodging D-3 at 16 (verbatim).)

This footnote was insufficient to raise a claim. Petitioner did not state the substance of his proposed testimony so that the court could evaluate the merits of the claim. Passing references in appellate briefing—without supporting facts, legal argument,

or identification of the subject matter as a claim—are insufficient to properly present claims. *See Baldwin v. Reese*, 541 U.S. 27, 31 (2004).

### 7.   Petitioner's Arguments on Adequate Excuse to Overcome Default

Petitioner's responsive argument mixes up the standard for a merits review—whether the Idaho Supreme Court unreasonably applied United States Supreme Court precedent—with the cause and prejudice standard that must be met *before* the federal court can hear a merits claim under the "unreasonable application" standard. (Dkt. 16 at 10.) Here, the Idaho Supreme Court never had opportunity to apply the *Strickland* standard to Claims 4, 6, 7, and 9 because Petitioner failed to raise them on state appellate review. This argument is inapplicable at this stage of proceedings.

Petitioner also argues that he was never granted a "full and fair hearing" on his procedurally defaulted claims, but, instead, the state district court summarily dismissed his claims. (Dkt. 16 at 9.) While this is true, the federal default did not occur in the state *district court* (where Petitioner did present all of his ineffective assistance claims), but in the *Idaho Court of Appeals* (where Petitioner presented only a handful of his claims, not to include Claims 4, 6, 7, and 9). Only if a claim is *not* procedurally defaulted does the question of whether the petitioner was granted a full and fair hearing to develop the facts in state court arise in the federal habeas corpus matter. Here, that question is premature because the claims are procedurally defaulted.

**MEMORANDUM DECISION AND ORDER - 11**

For example, as to Claim 4, that Petitioner was constructively denied counsel, the Court cannot hear the claim *at all* (with or without a hearing) unless Petitioner first shows cause and prejudice or actual innocence to excuse his failure to properly raise the claim in the Idaho Supreme Court. A federal court is not permitted to hold an evidentiary hearing to determine whether a petitioner can show cause and prejudice without first "consider[ing] whether such a hearing could enable an applicant to prove ... factual allegations [that] would entitle [him] to federal habeas relief." *Shinn v. Ramirez*, 596 U.S. 366, 389–90, (2022) (quoting *Schriro v. Landrigan*, 550 U.S. 465 (2007)). That means a petitioner must show he can satisfy § 2254(e)(2) as to the defaulted claim. *Id.*, 596 U.S. at 389.

Section 2254(e)(2) provides that, if a petitioner failed to develop the factual basis of the claim in state court, the petitioner must show his claims are based either on a new retroactive rule of constitutional law or on a factual predicate that could not have been previously discovered through the exercise of due diligence, *and* that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *See* § 2254(e)(2)(A)&(B).

There is no indication in the record that Petitioner can meet these requirements. While Petitioner may have reason to argue that he did all that he could to develop the factual basis of his claims in state district court when he filed his 82-page post-conviction

petition, amended petition, and supplemental filings, and yet was denied an evidentiary hearing; he has no adequate reason he did not raise or include the factual basis for his defaulted claims in briefing in the Idaho Court of Appeals, even though the legal and factual bases of his claims were then known to him. Therefore, Petitioner is not entitled to an evidentiary hearing on procedural default or on the merits of his claims that are procedurally defaulted.

Petitioner also argues that the Idaho Supreme Court applied an inadequate procedural bar to his case. He asserts that the Idaho Supreme Court was required to review all of his pleadings, depositions, and items in the record to search for potential claims, regardless of which claims were included in Petitioner's briefing. (Dkt. 16 at 11.) The Court agrees with Respondent that Plaintiff is stating the standard for district court review, not appellate review, and that the appellate review standards have been regularly established by case law. It is the appellant's duty to identify and support his arguments on appeal. (*See* State's Lodging D-15 at 12 n. 1, 25.)

Petitioner argues that because his counsel performed so poorly, the Court should excuse the default under a standard of "constructive denial of counsel," rather than "ineffective assistance of counsel." (Dkt. 16 at 13.) However, Petitioner knew of the facts supporting that claim during state court proceedings, and it was his duty to raise the claim specifically in the Idaho Court of Appeals and Idaho Supreme Court in a procedurally

**MEMORANDUM DECISION AND ORDER - 13**

proper manner. He did not; therefore, he cannot argue here that the merits of the claim are so important that they override the procedural default.

To the extent that the Court has not addressed each of Petitioner's arguments, each is rejected. Petitioner may not proceed on Claims 4, 6, 7, and 9 because they are procedurally defaulted, and Petitioner has failed to show cause and prejudice or a miscarriage of justice to excuse their default. He may proceed to the merits of his properly exhausted claims.

## ORDER

**IT IS ORDERED:**

1.  Respondent's Motion for Partial Summary Dismissal (Dkt. 12) is GRANTED. Claims 4, 6, 7, and 9 are DISMISSED with prejudice.

2.  Petitioner's Request for an Evidentiary Hearing (Dkt. 17) is DENIED.

3.  Respondent shall file an answer to the remaining claims within **90 days** after entry of this Order. The answer should also contain a brief setting forth the factual and legal basis of grounds for dismissal and/or denial of the remaining claim. Petitioner shall file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served within **30 days** after service of the answer. Respondent has the option of filing a sur-reply within **14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

4. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

5. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

DATED: September 16, 2024

Honorable Debora K. Grasham
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 15**